THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Sandra F. Beard v. Merck & Co., Inc., and Merck Sharp & Dohme Corp.*, Civil Action No. 2:19-cv-05975<br><br>*Nanjo Griffin and James Griffin v. Merck & Co., Inc., and Merck Sharp & Dohme Corp.*, Civil Action No. 2:20-cv-00429<br><br>*Hope Hartman v. Merck & Co., Inc., and Merck Sharp & Dohme Corp.*, Civil Action No. 2:20-cv-00334 | MDL No. 2848<br>Civil Action No. 2:18-md-02848-HB |

<u>MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 343</u>

Bartle, J.                                                      January 19, 2021

      Plaintiffs bring these actions against defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. ("Merck") seeking damages for injuries allegedly suffered from Zostavax, a shingles vaccine. They are part of over 1,800 actions assigned to the undersigned in Multidistrict Litigation ("MDL") No. 2848 for coordinated or consolidated pretrial proceedings. Before the Court is the omnibus motion of Merck to dismiss the above captioned actions under Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure for the failure to produce Plaintiff

Fact Sheets ("PFS") in accordance with Pretrial Orders ("PTO") Nos. 46 and 329.

PTO 46 requires each plaintiff who files an action in this MDL to serve a verified PFS and signed medical release authorizations on Merck within 45 days of the date Merck responds to his or her complaint.  The PFS is a questionnaire in which each plaintiff provides, among other information, the date the Zostavax vaccine was received, each injury claimed to be caused by Zostavax, the date the plaintiff became aware of the injuries, the health care providers who diagnosed and treated the injuries, and the dates of that diagnosis and treatment.  The medical release authorizations permit Merck to collect records from the health care providers identified in the PFS's.

The above captioned plaintiffs are each represented by the law firm of Pendley, Baudin & Coffin, L.L.P.  They did not serve a PFS on Merck by the deadline set out in PTO 46.  Merck moved for an order compelling them to do so.  The Court granted Merck's motion and in PTO 329 ordered the plaintiffs to serve a completed PFS and medical release authorizations by November 30, 2020.  We warned the plaintiffs that failure to comply with PTO 329 may result in the dismissal of their actions.

Plaintiff Nanjo Griffin informed her counsel that she "was potentially no longer interested in pursuing her claims

against" Merck.[1]  However, neither plaintiffs Nanjo Griffin or James Griffin signed a document giving their counsel permission to dismiss voluntarily their claims in accordance with the policy of Pendley, Baudin & Coffin, L.L.P.

Plaintiffs' counsel repeatedly attempted by telephone, by voicemail, and by letter to inform plaintiffs Sandra F. Beard and Hope Hartman of the requirements of PTO's 46 and 329.  On December 18, 2020, counsel informed the Court that these plaintiffs had not yet responded and that their addresses may have changed.  Counsel requested leave for additional time to comply with PTO 329.

When exercising the discretion to impose the sanction of dismissal, a district court to the extend relevant must consider the six factors set out by our Court of Appeals in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984).  In re Avandia Mktg., 687 F. App'x 210, 213 (3d Cir. 2017).

The information sought by the PFS, at minimum, is necessary to assess the meritoriousness of the claim of each plaintiff in this MDL that Zostavax caused them injury.  A plaintiff's failure to serve a PFS undermines the purpose of centralizing the actions in an MDL.  The failure of plaintiffs

---

1.      Counsel did not provide the Court with any information about plaintiff James Griffin.

Sandra F. Beard, Hope Hartman, and Nanjo Griffin and James Griffin to serve PFS's greatly prejudices Merck, which as a result cannot assess the merits of their claims against it.

Though counsel for plaintiffs Sandra F. Beard and Hope Hartman requested more time to comply with PTO 329, neither they nor their counsel have since updated the Court as to the status of their delinquent PFS's.  Plaintiffs Nanjo Griffin and James Griffin have not expressed any intention to serve a PFS on Merck and Nanjo Griffin has stated she does not intend to pursue her action further.  We find the Poulis factors weigh in favor of dismissal of all these plaintiffs' actions.

Accordingly, the Court will grant the motion of Merck to dismiss the above captioned actions.